## DANIEL PUTNAM *versus* THOMAS N. KINGSBURY.

The declaration, in an action on the case, set forth, that the defendant hired a building of the plaintiff for the purpose of storing a reasonable quantity of grain therein, and that the defendant so carelessly and wrongfully overloaded the building, that it was crushed thereby. *It seems,* that evidence that the defendant had promised the plaintiff to be answerable for all damage that might be occasioned to the building by his storing grain therein, is inadmissible in such action; and it was *held*, that such evidence, if admissible for some purposes, would not of itself support the action, the cause of action set forth being a tort.

CASE. The declaration alleges, that the defendant, before May 10, 1832, had erected a certain building, and that it was well and strongly built, and that on that day he leased the chamber over the lower story to the defendant until January 1, 1833, and that the defendant thereupon took possession of the chamber and stored a large quantity of oats therein, to wit, 1500 bushels; that on July 23, 1832, the plaintiff leased to the defendant as tenant at will the lower floor, for the purpose of storing therein a reasonable quantity of grain and not so much grain as would injure the building, which was to be kept in good order and returned to the plaintiff in good order

Putnam
*v.*
Kingsbury.

at the termination of the lease, and that the defendant, on that day, took possession of the lower floor under the last mentioned lease; nevertheless the defendant, on that day, so carelessly, negligently, imprudently and wrongfully overloaded the lower floor with a large quantity of grain, to wit, with 1350 bushels of corn, in addition to the 1500 bushels of oats in the chamber, that by reason of said overloading of the building with the oats and corn, being more in quantity and weight than it was prudent, proper, lawful and rightful to store therein, and the same being more than the building could bear and support, the building, on July 26, 1832, was crushed and broken down and destroyed, and afterwards, in September, the defendant voluntarily terminated the lease, and has never kept the building in good order and never repaired it, and never returned it to the plaintiff in good order.

The defendant pleaded not guilty. At the trial, before *Wilde* J., it was proved, that the building was not sufficiently strong for a grain store, and that it was crushed by the weight of the grain placed in it by the defendant.

The plaintiff called one Niles, as a witness, who testified, that he was present when the bargain was made between the plaintiff and the defendant in relation to the lower floor of the building; and that the defendant promised and agreed to be answerable for all damage that might be occasioned to the building by reason of his storing grain therein. This testimony was not contradicted or in any way disproved; and thereupon the defendant moved for a nonsuit, because the action, by the plaintiff's own showing, should have been in assumpsit and not in tort.

The judge overruled the motion, and reserved the point for the consideration of the whole Court.

On the part of the defendant it was proved, that, on the day when the grain was deposited on the lower floor, the plaintiff, at the request of the defendant, examined the building to see if it was sufficient; and that the plaintiff then said, that he would take the risk of having 1800 bushels of corn deposited in the lower story of the building; and that in fact only 1350 bushels were placed therein.

No evidence was offered by the plaintiff to prove, that the

quantity of grain placed in the building by the defendant was nore than an ordinarily good building would support.

The defendant requested the judge to charge the jury, that the testimony of Niles proved a contract for the damages, if any, to the building, and not a tortious act of the defendant, there being no evidence that the quantity of grain put into the building was more than an ordinarily good building would support. But the jury were instructed, that upon the evidence, the action was rightly in tort, and that it was sustainable, if they believed that the building was crushed by reason of the weight of the grain, and that the defendant agreed to be answerable, and that his agreement to that effect had not been waived by the plaintiff.

The jury returned a verdict for the plaintiff; and the defendant moved for a new trial because of the misdirection of the judge in matters of law.

*D. A. Simmons* and *Gay*, for the defendant, to the point, that assumpsit and tort could not be joined, and that evidence which would support the one was not admissible in support of the other when they are not joined, Chitty on Pl. 199; *Brown* v. *Dixon*, 1 T. R. 276; *Dalston* v. *Janson*, 1 Salk. 10, note; *Samuel* v. *Judin*, 6 East, 335.

*S. D. Parker,* for the plaintiff, cited Chitty on Pl. 134, 139, 142, 145; *Govett* v. *Radnidge*, 3 East, 62; *Mast* v. *Goodson*, 3 Wils. 348.

SHAW C. J. delivered the opinion of the Court. The *gist* of this action is tort. The form of the action is case, and the whole frame and structure of the declaration is founded on suggestions of negligence and carelessness, and the improper and unreasonable use of the building, it being sufficiently strong and firm, for use as a grain store. It is important, that the different forms of actions, should be so far preserved, as that the declaration shall give the defendant reasonable notice of the real case intended to be proved. It perhaps would be practicable to frame a good declaration in case, on the facts relied upon by the plaintiff; as, that the store was weak and slightly built, not designed as a store for grain, that the defendant knew it, that it was hired to store a small quantity of grain &c., and he unreasonably put into it, a

Putnam
*v.*
Kingsbury.

*March 20th*

*March 30th*

Putnam
*v.*
Kingsbury.

considerable quantity &c., by means of which it was crushed and destroyed. But on the declaration, as it stands, in pursuance of the rule that the *probata* and the *allegata* must conform, it was incumbent on the plaintiff to prove, that the store was of sufficient strength and firmness to bear a reasonable quantity of grain, that it was let for that purpose, and that the defendant, through negligence, carelessness and imprudence, loaded it with an unreasonable quantity and weight of grain, by which it was crushed ; and of this the proof failed. The Court are strongly inclined to the opinion, that the proof of an express promise, on the part of the defendant, to take the risk of putting in a certain quantity, though not an excessive or unreasonable quantity, and to be responsible for the consequences, was not competent and admissible, if objected to, which does not distinctly appear ; but though it might be admissible for some purposes, the Court are of opinion, that the instruction to the jury, that upon proof of such promise this action could be maintained, was incorrect, for the reason, that, although it might afford the plaintiff a remedy in another form of action, it had no tendency to maintain the issue joined in this ; and upon this ground it was reserved. The verdict must be set aside, and a new trial granted